USDC SCAN INDEX SHEET

SWD 1/3/06 13:36

3:05-CV-02381 PINNOCK V. ENNIS

*1*

*CMP.*

PINNOCK & WAKEFIELD
A Professional Corporation
David C. Wakefield, Esq. Bar #: 185736
Michelle L. Wakefield, Esq. Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: 619.858.3671
Facsimile: 619.858.3646

FILED
2005 DEC 30 PM 2:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DAVID ENNIS d.b.a. AARON LOCK AND KEY; BENNY YEE, JR.; And DOES 1 THROUGH 10, Inclusive**<br><br>**Defendants.** | **Case No.:** '05 CV 2381 W RBB<br><br>**CIVIL COMPLAINT:**<br>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS<br>[42 U.S.C. 12182(a) ET. SEQ]<br><br>DEMAND FOR JURY TRIAL<br>[F.R.Civ.P. rule 38(b)] |

**INTRODUCTION**

Plaintiffs MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendants have in the past,

and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiffs make the following allegations in this federal civil rights action:

**JURISDICTION AND VENUE**

1. The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

**NAMED DEFENDANTS AND NAMED PLAINTIFF**

2. Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or

doing business under the laws of the State of California. Plaintiffs are informed and believe and thereon allege that Defendant DAVID ENNIS d.b.a. AARON LOCK AND KEY is located at 3027 Lemon Grove Avenue, Lemon Grove, California, 91945-2534. Plaintiffs are informed and believe and thereon allege that Defendant BENNY YEE, JR., is the owner, operator, and/or lessor of the real property located at 3025 through 3031 Lemon Grove Avenue, Lemon Grove, California, 91945-2534, Assessor Parcel Number 480-272-01. Defendant BENNY YEE, JR., is located at 808 W. Boston Avenue, Montebello, California, 90640. Plaintiffs sent a notice letter to Defendant DAVID ENNIS d.b.a. AARON LOCK AND KEY on October 13, 2005, outlining the architectural barriers stated in this Civil Complaint. Defendant failed to remove the architectural barriers. As a result, Plaintiffs have initiated this civil action.

3. The words Plaintiff, Plaintiffs, Plaintiff's Member, and Plaintiff's Members as used herein specifically include MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, and persons associated with MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, who accompanied them to Defendants' facilities.

4. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of DAVID ENNIS d.b.a. AARON LOCK AND KEY and/or BENNY YEE, JR. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these

Defendants by such fictitious names. Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

5. Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

6. Plaintiff MANTIC ASHANTI'S CAUSE is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated. Plaintiff's member THEODORE A. PINNOCK is a member of Plaintiff Organization and has an impairment in that he has Cerebral Palsy and due to this impairment he has learned to successfully operate a wheelchair.

7. In August of 2005, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK went to Defendants' DAVID ENNIS d.b.a. AARON LOCK AND KEY (hereinafter "AARON LOCK AND KEY") facilities to utilize their goods and/or services. When Plaintiff's Member and Plaintiff THEODORE A. PINNOCK patronized Defendants' facilities, he was

unable to use and/or had difficulty using the public accommodations' disabled parking and entrance facilities at Defendants' AARON LOCK AND KEY business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the disabled parking and entrance facilities of Defendants' AARON LOCK AND KEY establishment. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK intends to return to Defendants' AARON LOCK AND KEY facilities in the immediate future.

8. Plaintiffs sent a notice letter to Defendant DAVID ENNIS d.b.a. AARON LOCK AND KEY on October 13, 2005, outlining the architectural barriers stated in this Civil Complaint. Defendant failed to remove the architectural barriers. As a result, Plaintiffs have initiated this civil action.

9. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK personally experienced difficulty with said access barriers at Defendants' AARON LOCK AND KEY facilities. For example, this establishment has only an unpaved dirt parking lot. There fails to be any of the required disabled parking and "Van Accessible" disabled parking at this establishment.

10. There fails to be any of the required disability signage at the entrance to this parking lot informing patrons that they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space.

11. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was

completely precluded from accessing the interior of the establishment due to the fact that there are steps at the entrance to this establishment and there fails to be an identifiable accessible entrance into the establishment.

12. Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers. Plaintiff and Plaintiff's Member THEODORE A. PINNOCK is expressly deterred from returning to the Defendants' facilities and the property that is the subject of this Complaint due to the existence of the architectural barriers to access outlined above.

13. Plaintiffs believe and herein allege Defendants' AARON LOCK AND KEY facilities have access violations not directly experienced by Plaintiff's Member and Plaintiff THEODORE A. PINNOCK which preclude or limit access by other members of Plaintiff MANTIC ASHANTI'S CAUSE or other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water

Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

14. Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' AARON LOCK AND KEY establishment. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was extremely upset due to Defendants' conduct.

**NOTICE**

15. Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000). However, Plaintiffs sent a notice letter to Defendant DAVID ENNIS d.b.a. AARON LOCK AND KEY on October 13, 2005, outlining the architectural barriers stated in this Civil Complaint. Defendant failed to remove the architectural barriers. As a result, Plaintiffs have initiated this civil action.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

16. DAVID ENNIS d.b.a. AARON LOCK AND KEY; BENNY YEE, JR.; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

17. Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

18. Based on the facts plead at ¶¶ 6 - 14 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied equal access to Defendants' existing facilities.

19. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK has physical impairments as alleged in ¶ 6 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK' said physical impairments substantially limits one or more of the following major life activities:

walking. In addition, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

20. Based on the facts plead at ¶¶ 6 - 14 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

21. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner

that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

22. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

23. Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

24. Based on the facts plead at ¶¶ 6 - 14 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route,

Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

26. Based on the facts plead at ¶¶ 6 - 14 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff's Member and Plaintiff THEODORE A.

PINNOCK was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied equal access to Defendants' existing facilities.

27. Based on the facts plead at ¶¶ 6 - 14 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community. Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiffs desire to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

28. WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

DEMAND FOR JUDGMENT FOR RELIEF:

A. For injunctive relief pursuant to 42 U.S.C. § 12188(a).

Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

B. For attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205;

C. A Jury Trial and;

D. For such other further relief as the court deems proper.

Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: December 14, 2005

By: [signature]

DAVID C. WAKEFIELD, ESQ.
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual

**DEFENDANTS** FILED
DAVID ENNIS d.b.a. AARON LOCK AND KEY; BENNY YEE, JR; DOES 1 THROUGH 10, Inclusive

2005 DEC 30 PM 2:35

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

'05 CV 2381 W RBB

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)
BY DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michelle L. Wakefield, Esq. SBN: 200424
David C. Wakefield, Esq. SBN: 185736
Pinnock & Wakefield, A.P.C.; 3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Eiectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure Of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $** To Be Determined At Trial

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE December 29, 2005 SIGNATURE OF ATTORNEY OF RECORD David C. Wakefield

Pd $350.00 12/30/05 #119936 KB